IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


LINDA C. GRISSOM                                                                                    PLAINTIFF

vs.                                         Civil No. 4:13-cv-04089

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Linda C. Grissom ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed her SSI application on March 3, 2009. (Tr. 170-176). In her application, Plaintiff alleges being disabled due to high blood pressure, poor eyesight, trouble walking, and speech. (Tr. 200). Plaintiff alleged an onset date of July 1, 2000. (Tr. 200). This application was denied initially and upon reconsideration. (Tr. 79-81, 84-85).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 89). Plaintiff's initial administrative hearing was held on December 2, 2010. (Tr. 47-59). On December 20, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 66-71). Thereafter, on February 16, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 128-130). On September 17, 2011, the Appeals Council remanded the case to the ALJ to take further action. (Tr. 75-77).

Plaintiff's second administrative hearing was held on January 26, 2012. (Tr. 32-46). Plaintiff was present and was represented by Stanley Brummal at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* During the administrative hearing in this matter, Plaintiff testified she was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 37). Plaintiff also testified she had completed the twelfth grade. *Id.*

On March 15, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 20-27). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 26, 2009, the application date. (Tr. 22, Finding 1). The ALJ also determined Plaintiff had the medically determinable impairment of history of hypertension and possible articulation disorder. (Tr. 22, Finding 2).

The ALJ then determined Plaintiff did not have a severe impairment or combination of impairments. (Tr. 22, Finding 3). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from February 26, 2009 through the date of his decision. (Tr. 27, Finding 4).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 14-16). On April 10, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 8-13). On September 26, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 15, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff raises the following arguments for reversal: (1) the ALJ erred by failing to comply with the Appeals Council remand order, (2) the ALJ erred in his determination of Plaintiff's severe impairments, and (3) the ALJ erred in the evaluation of Plaintiff's. ECF No. 11, Pgs. 4-16. Because the Court finds the ALJ erred in his determination of Plaintiff's severe impairments, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ erred when he failed to find Plaintiff's speech disorder as a severe impairment. In fact, the ALJ found Plaintiff had no severe impairments. (Tr. 22, Finding 3). However, it does appear the ALJ erred when assessing Plaintiff's severe impairments.

On July 21, 2009, Plaintiff was seen for a Speech and Language Evaluation. (Tr. 250-253). The evaluation indicated Plaintiff's language skills were severely impaired. (Tr. 251). Plaintiff was also found to have a severe articulation disorder. (Tr. 252). Plaintiff's language and speech skills were both below the first percentile. (Tr. 253). Further, the prognosis for improvement was poor. *Id*. Finally, Plaintiff's RFC Assessment found Plaintiff had limited speaking impairments. (Tr. 260).

Standing alone, these findings provide sufficient evidence demonstrating Plaintiff's speech disorder satisfy the low or *de minimis* standard for establishing a severe impairment. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of September 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE